## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| PRIMO WATER CORPORATION, BILLY D. PRIM, SUSAN E. CATES, RICHARD A. BRENNER, JACK C. KILGORE, EMMA BATTLE, MALCOLM MCQUILKIN, CHARLES NORRIS, DAVID L. WARNOCK, COTT CORPORATON, COTT HOLDINGS INC., FORE ACQUISITION CORPORATION, and FORE MERGER LLC, | ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      On January 13, 2020, Primo Water Corporation's ("Primo Water" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Cott Corporation ("Parent"), Cott Holdings Inc. ("Holdings"), Fore Merger LLC ("Merger Sub"), and Fore Acquisition Corporation ("Purchaser," and together with Parent, Holdings, and Merger Sub, "Cott").

2.      Pursuant to the terms of the Merger Agreement, Purchaser commenced an exchange offer (the "Exchange Offer") to purchase all of Primo Water's outstanding common stock for: (i)

$14.00 per share in cash; (ii) 1.0229 shares of Parent common stock; or (iii) $5.04 in cash and 0.6549 shares of Parent common stock for each share of Primo Water (the "Proposed Transaction"). The Exchange Offer is set to expire on February 25, 2020.

3.      On January 29, 2020, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Primo Water common stock.

9.      Defendant Primo Water is a Delaware corporation and maintains its principal executive offices at 101 North Cherry Street, Suite 501, Winston-Salem, North Carolina 27101. Primo Water's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "PRMW."

10.     Defendant Billy D. Prim is Interim President, Interim Chief Executive Officer, and Executive Chairman of the Board of the Company.

11.     Defendant Susan E. Cates is a director of the Company.

12.     Defendant Richard A. Brenner is a director of the Company.

13.     Defendant Jack C. Kilgore is a director of the Company.

14.     Defendant Emma Battle is a director of the Company.

15.     Defendant Malcolm McQuilkin is a director of the Company.

16.     Defendant Charles Norris is a director of the Company.

17.     Defendant David L. Warnock is a director of the Company.

18.     The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19.     Defendant Parent is a Canadian corporation and a party to the Merger Agreement.

20.     Defendant Holdings is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

21.     Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Holdings, and a party to the Merger Agreement.

22.     Defendant Purchaser is a Delaware corporation, a wholly-owned subsidiary of Merger Sub, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

23.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Primo Water (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24.     This action is properly maintainable as a class action.

25.     The Class is so numerous that joinder of all members is impracticable.  As of January 9, 2020, there were approximately 39,498,857 shares of Primo Water common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

30.    Primo Water is North America's leading single source provider of water dispensers, multi-gallon purified bottled water, and self-service refill drinking water.

31.    The Company's dispensers, exchange, and refill products are available in thousands of retail locations and online throughout the United States and Canada.

32.    On January 13, 2020, Primo Water's Board caused the Company to enter into the Merger Agreement with Cott.

33.    Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Exchange Offer to acquire all of Primo Water's outstanding common stock for: (i) $14.00 per share in cash; (ii) 1.0229 shares of Parent common stock; or (iii) $5.04 in cash and 0.6549 shares of Parent common stock for each share of Primo Water.

34.    According to the press release announcing the Proposed Transaction:

Cott Corporation (NYSE:COT; TSX:BCB) (the "Company" or "Cott"), today announced that it has entered into a definitive agreement pursuant to which Cott will acquire Primo Water Corporation (Nasdaq:PRMW) ("Primo") for $14.00 per share payable in cash and stock (or a combination thereof) at the election of Primo's stockholders, subject to the terms of the merger agreement. The transaction, which values Primo at approximately $775 million, was unanimously approved by both the Cott and Primo Boards of Directors. Primo is a leading provider of water dispensers, purified bottled water, and self-service refill drinking water in the U.S. and Canada. . . .

Transaction Details

Under the terms of the merger agreement, a wholly-owned subsidiary of Cott will promptly commence an exchange offer to acquire all of the outstanding shares of

Primo's common stock, and each share of Primo common stock will be exchanged for $5.04 in cash and 0.6549 common shares of Cott, or, at the election of Primo's stockholders, for $14.00 in cash or 1.0229 common shares of Cott, subject to the proration procedures set forth in the merger agreement.

The consummation of the exchange offer is subject to various conditions, including a minimum tender of a majority of outstanding shares of Primo common stock and other customary conditions. Following consummation of the exchange offer, that subsidiary will merge with and into Primo and Primo will become a wholly-owned subsidiary of Cott. Any eligible shares not validly tendered will be cancelled and converted into the right to receive the same price per share offered in the exchange offer. Upon completion of the acquisition, Primo shares will cease to be traded on Nasdaq.

Cott will pay a total of approximately $216 million in cash to Primo stockholders, funded with the proceeds of a new term debt issuance or proceeds from the sale of S&D Coffee and Tea, and issue approximately 26.8 million new shares to Primo stockholders. Cott has obtained financing commitments of up to $400 million from an affiliate of Deutsche Bank Securities Inc. to support the payment of the acquisition price and the refinancing of Primo's debt.

In connection with the execution of the merger agreement, Primo directors and officers who are beneficial owners of 10.4% of Primo equity have entered into support agreements with Cott pursuant to which they have agreed to tender their common stock in the exchange offer and elect to receive the stock consideration in respect of their common stock.

Pursuant to the terms of the merger agreement, Billy D. Prim and Susan E. Cates, current members of Primo's board of directors, will join Cott's board following the closing.

The transaction is expected to close in March 2020, subject to the conditions to the exchange offer and other customary closing conditions.

Deutsche Bank Securities Inc. acted as financial advisor to Cott and Drinker Biddle & Reath LLP and Goodmans LLP provided legal counsel to Cott. Goldman Sachs acted as financial advisor to Primo and K&L Gates LLP provided legal counsel to Primo.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

35.     Defendants filed the Solicitation Statement with the SEC in connection with the

Proposed Transaction.

36. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

37. First, the Solicitation Statement omits material information regarding the Company's and Cott's financial projections.

38. With respect to the Company's financial projections, the Solicitation Statement fails to disclose: (i) all line items used to calculate (a) EBITDA, (b) Adjusted EBITDA, (c) EBIT, (d) Free Cash Flow, and (e) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39. With respect to Cott's financial projections, the Solicitation Statement fails to disclose: (i) for each set of projections, all line items used to calculate Adjusted EBITDA; and (ii) a reconciliation of the non-GAAP metric to its most comparable GAAP metric.

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman").

42. With respect to Goldman's Illustrative Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 5.50% to 6.50% and the perpetuity growth rates ranging from 1.00% to 1.50%; (ii) all line items used to calculate unlevered free cash flow; (iii) the terminal values for Primo; (iv) Primo's net debt outstanding; and (v) the number of Primo's fully diluted shares

outstanding.

43.    With respect to Goldman's Illustrative Present Value of Future Share Price Analysis, the Solicitation Statement fails to disclose: (i) Goldman's basis for applying a range of enterprise value to next twelve months Adjusted EBITDA multiples of 10.5x to 12.5x; (ii) Primo's net debt outstanding; (iii) the number of Primo's fully diluted shares outstanding; and (iv) the individual inputs and assumptions underlying the discount rate of 6.3%.

44.    With respect to Goldman's Premia Analysis, the Solicitation Statement fails to disclose: (i) the transactions observed by Goldman in the analysis; and (ii) the premiums paid in the transactions.

45.    With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for Shares of Primo Common Stock on a Pro Forma Basis, the Solicitation Statement fails to disclose: (i) Goldman's basis for applying a range of enterprise value to next twelve months Adjusted EBITDA multiples of 9.0x to 10.0x; (ii) the synergies used by Goldman in the analysis; (iii) Cott's pro forma net debt outstanding; (iv) the individual inputs and assumptions underlying the discount rate of 5.7%; (v) the estimated dividends to be paid per Cott common share on a pro forma basis; and (vi) the number of fully diluted Cott shares estimated to be outstanding on a pro forma basis.

46.    When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47.    The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

48.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

49.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.     Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

51.     Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

52.     The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

53.     The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

54.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

55.     The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

56.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

57.     By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

58.     Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

59.     Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

60.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61.     Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

62.     Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

63.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

64.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

65.     The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Exchange Offer.

66.     Plaintiff and the Class have no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Cott)

67.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68.     The Individual Defendants and Cott acted as controlling persons of Primo Water within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as directors of Primo Water and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

69.     Each of the Individual Defendants and Cott was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

70.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly connected with and involved in the making of the Solicitation Statement.

71.     Cott also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

72.     By virtue of the foregoing, the Individual Defendants and Cott violated Section 20(a) of the 1934 Act.

73.     As set forth above, the Individual Defendants and Cott had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

74.     As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

75.     Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.       In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.       Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.       Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.       Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.       Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 3, 2020

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
    Seth D. Rigrodsky (#3147)
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 1220
    Wilmington, DE 19801
    Telephone: (302) 295-5310
    Facsimile: (302) 654-7530
    Email: sdr@rl-legal.com
    Email: bdl@rl-legal.com
    Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*